959 So.2d 123 (2006)
Ex parte State of Alabama
(In re STATE of Alabama
v.
Michael Ivan WILSON).
1050390.
Supreme Court of Alabama.
June 23, 2006.
Troy King, atty. gen., and Kevin C. Newsom, deputy atty. gen., and Stephanie N. Morman and J. Thomas Leverette, asst. attys. gen., for petitioner.
R. Scott Anderson, Decatur, for respondent.
WOODALL, Justice.
We granted the State's petition for certiorari review of the Court of Criminal Appeals' decision dismissing the State's pretrial appeal from the trial court's order granting a motion to dismiss count I of the indictment against Michael Ivan Wilson. State v. Wilson, 959 So.2d 141 (Ala.Crim. App. 2005). We reverse and remand.
On June 25, 2004, a two-count indictment was returned against Wilson. He filed a motion to dismiss count I of the indictment, which charged him with second-degree unlawful manufacture of a controlled substance, a violation of § 13A-12-217(a)(2), Ala.Code 1975. On May 5, 2005, the trial court entered an order granting Wilson's motion and dismissing count I of the indictment.
Ala. R.Crim. P. 15.7(a)(2) permits the State to appeal "to the Court of Criminal Appeals from a pre-trial order of the circuit court . . . dismissing . . . any part of an indictment." Rule 15.7(b) requires that "[t]he notice of [a pre-trial] appeal shall be filed both with the clerk of the circuit court and with the clerk of the Court of Criminal Appeals within seven (7) days after the order has been entered." (Emphasis added.) On May 5, 2005, the State timely filed its notice of appeal in the Court of Criminal Appeals. However, it filed its notice of appeal in the circuit court on May 2, 2005, three days before the circuit court *125 entered its order dismissing count I of the indictment. That premature filing led the Court of Criminal Appeals to conclude that it did not have jurisdiction to consider the State's appeal:
"Because the State filed its notice of appeal in the circuit court on May 2, 2005, before the circuit court entered its order on May 5, 2005, that notice was premature and was not effective to invoke the jurisdiction of this court. Also, the State did not later file a notice of appeal in the circuit court after the circuit court entered its order granting the [State's] `Motion to Dismiss Count I of Indictment.' Therefore, the State did not file an effective notice of appeal in the circuit court. Because the State did not file an effective notice of appeal both in this court and in the circuit court, this court does not have jurisdiction to consider this appeal. . . . Accordingly, we dismiss this appeal."
State v. Wilson, ___ So.2d at ___ (footnote omitted).
"[T]he overriding policy governing our application of the Rules of Appellate Procedure [is] that `[t]hey shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.' Rule 1, Ala. R.App. P." Birmingham News Co. v. Horn, 901 So.2d 27, 42 (Ala. 2004) (emphasis added). Ala. R.App. P. 4(a)(4), clearly recognizing that parties sometimes file premature notices of appeal, provides: "A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof." The State contends that the facts of record in this case support the application of Rule 4(a)(4), thereby rendering timely the notice of appeal it filed in the trial court on May 2, 2005. We agree.
As previously mentioned, the trial court's order dismissing count I of the indictment was entered on May 5, 2005. In that order, the trial court stated that it had considered "the arguments of counsel," suggesting that a hearing had been held. In a motion to supplement the record filed by Wilson on May 27, 2005, and later granted by the trial court, Wilson specifically stated that, "[o]n May 2, 2005, this court held a hearing on defendant's motion to dismiss the indictment." Further, in that same motion, Wilson acknowledged that the trial court, at the May 2 hearing, had "stated from the bench that Count I of the indictment was due to be dismissed." Under these circumstances, Rule 4(a)(4) is clearly applicable. Therefore, the notice of appeal filed in the circuit court by the State on May 2, 2005, must be treated as having been filed after the entry of the order on May 5. Consequently, the State filed its notice of appeal as required by Ala. R.Crim. P. 15.7(b), thereby invoking the original appellate jurisdiction of the Court of Criminal Appeals.
For the foregoing reasons, the judgment of the Court of Criminal Appeals dismissing the State's pretrial appeal is reversed. The cause is remanded to the Court of Criminal Appeals for it to consider the merits of the State's appeal.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.